## UNITED STATES *v.* EAGAN.

*(Circuit Court, E. D. Missouri, E. D.    March 29, 1887.)*

**VOTERS—REGISTRATION—DUTIES OF RECORDER OF VOTERS.**

Under the registration law applicable to the city of St. Louis, Missouri, (Sess. Laws Mo. 1883, p. 38,) a deputy recorder of voters for a ward of said city is not obliged to register a person merely because he applies for registration and takes the oath prescribed by section 3 of said act.    Such officer may reject an applicant for registration who *has* taken the oath, if he is aware that the applicant has not truly stated in his oath and entered on the registration book the number of his residence.    *Accordingly held,* that an indictment under section 5512 of the Revised Statutes of the United States against a deputy recorder of voters for a ward of said city was not demurrable which charged that said officer, at a registration for a congressional election, knowingly and willfully registered one A. B. as a duly-qualified voter then and there residing at number "207 North 12th street," in the Tenth ward, he, the said defendant, well knowing that said A. B. did not reside at said number, and was not entitled to be registered therefrom.    *Held, further,* that although the applicant for registration resided in the Tenth ward and was a qualified voter therein, that the registration officer could not lawfully permit him to register or register him from a street number in said ward where he did not reside.

*(Syllabus by the Court.)*

On demurrer to indictment under Rev. St. U. S. § 5512, for fraudulent registration.

*Thomas P. Bashaw* and *D. P. Dyer,* for the United States.

*W. C. Marshall,* for defendant.

THAYER, J. This indictment is framed under that clause of section 5512, Rev. St. U. S., which makes it an offense if any officer of registration "knowingly and willfully registers as a voter any person not entitled to be registered." The statute concerns the act of the officer in knowingly permitting the name of a person to be placed on the registration book in his charge, when the person is not entitled to be so registered. An indictment under this clause of section 5512, which merely used the language of the statute, that the defendant knowingly and willfully registered A. B. as a voter, he, the said A. B., not being entitled to be registered, as the defendant well knew, would be clearly bad. The defendant should have notice of the precise charge he is called upon to meet. The indictment, besides using the language of the statute, should show the ground of the voter's disqualification to be registered; as that he is a minor, a non-resident of the precinct, alien, or some other ground of disqualification. So much may be conceded. The indictment now before us employs the statutory language above recited, but it specifies no matter disqualifying the voter from having his name put on the list, as it was placed, except that he did not reside at "No. 207 North 12th St.," the place of residence specified on the registration book. For aught this indictment shows, he may have been a person possessing all the qualifications of a voter within the precinct where registered; such as age, citizenship, etc.

The precise question we have to determine, then, is whether, when the voter presented himself to the defendant for registration, and gave his place of residence as "No. 207 North Twelfth street," and took the statutory oath, which, among other things, required him to state that he lived at the place he had designated in the registration book, the defendant could rightfully accept him as a voter residing at such number —that is to say, permit him to enter his name on the book as of such residence, when in point of fact the defendant knew, as the indictment charges, that the address given by the voter was false. In other words, the question is whether such act on the defendant's part was, within the meaning of the federal statute, (section 5512,) registering a voter not entitled to be registered.

It has been urged that, under the act concerning the registration of voters applicable to the city of St. Louis, (*vide* Sess. Laws Mo. 1883, p. 38,) a recorder or deputy-recorder of voters is obliged to accept and register any person who takes the oath prescribed by the third section of said act; that a person who takes the oath is entitled, without let or hinderance, to be registered, so far as the registration officer is concerned. This position is clearly untenable. The recorder and deputy-recorder of voters are officers appointed to examine and pass upon the qualifications of voters. To this end they are authorized to administer both the oath

required of voters by the third section of the act, "and all other oaths necessary in the registration of voters," (*vide* sections 5, 11, Sess. Laws Mo. 1883, pp. 40, 41.) The functions of recorders of voters are active, not passive. The act in question clearly contemplates that they may refuse, and that it is their duty to refuse, to register persons not entitled to be registered, or not entitled to be registered from places where they apply for registration, (*vide* section 7, Sess. Laws Mo. 1883;) and they are only subject to prosecution for refusing to register a voter when they "willfully and maliciously or corruptly refuse to register a person entitled to be registered." *Vide* section 8, Sess. Laws Mo. 1883.

It is furthermore urged that the act in question does not, in terms, require a voter, when applying for registration, to give the street number of his residence. Hence it is argued that if the number of his residence as given by a voter is erroneous, but the voter nevertheless resides within the precinct where he offers to register, and possesses the qualifications of a voter, the recorder or deputy-recorder may lawfully register him, although the number of the voter's residence is erroneous, and is known to be erroneous to the registration officer. It is even contended that it is the recorder's duty, under such circumstances, to accept the voter. This position we regard as equally untenable.

The third section of the act above referred to prescribes a form of registration book to be used, wherein are contained appropriate columns for the names and residences of the voters. The oath taken by the voter requires him to state that he lives at the place designated by him in the registration book. Section 7 of the act makes it a felony to willfully register at a place or number of a street where the voter does not reside.

In view of all these provisions, it is obvious that a voter under the state laws is not entitled to be registered at a place within a precinct where he does not reside, and that a registration officer is authorized, and that it is his duty, under the state laws, to refuse to register a voter as of a place where he does not reside. Certainly the act never contemplated that a recorder should accept a registration with knowledge that the person applying for registration had committed a felony in placing his name on the list of voters. It is also obvious that if, with knowledge that a voter has given a false residence, he accepts him, or suffers him to be borne on the registration book as a voter residing at a place where he does not reside, he becomes guilty of the offense described in the federal statutes, (section 5512,)—of registering a person not entitled to be registered.

The demurrer must be overruled. It is so ordered.